EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Yolanda M. Stacholy Ramos | 2016 TSPR 153<br><br>196 DPR ____ |
| --- | --- |

Número del Caso: AB-2014-230

Fecha: 24 de junio de 2016

Materia: La suspensión será efectiva el 1ro de julio de 2016, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yolanda M. Stacholy Ramos                    AB-2014-0230

*PER CURIAM*

En San Juan, Puerto Rico, a 24 de junio de 2016.

En esta ocasión nos vemos obligados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal ante su reiterado incumplimiento con las órdenes y requerimientos de este Tribunal.

I

La Lcda. Yolanda M. Stacholy Ramos fue admitida al ejercicio de la abogacía el 26 de junio de 1996 y accedió al notariado puertorriqueño el 25 de enero de 2001. El 2 de julio de 2014 se presentó una queja juramentada en contra de la licenciada Stacholy Ramos por alegadamente haber desatendido los asuntos confiados a su pericia profesional. La misma fue presentada por el Sr. Martín Santiago Rodríguez,

quien alegó, entre otros asuntos, que la falta de diligencia de la abogada provocó que el Tribunal de Primera Instancia desestimara su demanda.

Recibida la queja, la entonces Secretaria de este Tribunal, Hon. Aida I. Oquendo Graulau, envió una comunicación a la abogada el 29 de julio de 2014 informándole sobre la queja presentada en su contra y solicitándole que presentara su contestación dentro del término de diez (10) días, según lo ordena la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 14. La comunicación se envió a la dirección informada por la licenciada en el Registro Único de Abogados y Abogadas (RUA), sin embargo, la misma fue devuelta por el servicio postal de Estados Unidos. Ante esta situación, la ex Subsecretaria de este Tribunal, Lcda. Camelia Montilla Alvarado, envió una segunda misiva el 29 de agosto de 2014 requiriéndole a la licenciada Stacholy Ramos contestar la queja en su contra dentro del término de diez (10) días. Esta segunda misiva, enviada a la misma dirección postal que la primera, también fue devuelta por el correo.

Así las cosas, y ante la incomparecencia de la licenciada, el 9 de julio de 2015 emitimos una Resolución en la que le concedimos un término final de cinco (5) días a partir de la notificación de la misma para que contestara la queja presentada en su contra. En la Resolución, apercibimos a la licenciada Stacholy Ramos que un nuevo incumplimiento de su parte podría acarrear

sanciones severas, incluida la suspensión indefinida de la práctica de la abogacía y la notaría. La resolución fue notificada a la dirección informada en RUA y personalmente.

El 15 de julio de 2015, la licenciada Stacholy Ramos compareció mediante carta ante este Tribunal. En su escrito, señaló que ese día le había sido entregada a la mano nuestra Resolución, en la cual figuraba el nombre de otro miembro de la profesión legal.[1] Atendido su señalamiento, el 23 de julio de 2015 notificamos una enmienda *nunc pro tunc* en la que eliminamos los errores de nuestra Resolución anterior. Una vez recibida nuestra Resolución enmendada, la abogada compareció nuevamente mediante carta de 7 de agosto de 2015 y solicitó un término adicional de diez (10) días para presentar su contestación. El 10 de agosto de 2015, la entonces Secretaria de este Tribunal le concedió a la licenciada la prórroga solicitada. Sin embargo, al día de hoy, no ha comparecido ante este Tribunal para presentar la contestación a la queja presentada en su contra.

II

Cuando un miembro de la profesión legal en Puerto Rico asume una actitud irrespetuosa hacia los tribunales, nos encontramos ante una violación a nuestro Canon 9 del

---

[1] En su misiva, aparece como dirección de contacto la misma dirección que la licenciada Stacholy Ramos tiene acreditada en RUA y a la cual le fueron enviadas las primeras dos comunicaciones de este Tribunal.

Código de Ética Profesional, 4 LPRA Ap. IX, C. 9. Según dicha norma, "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Íd. Hemos establecido que los abogados admitidos a la práctica de la profesión, por ser funcionarios de este Tribunal, están llamados a respetar, obedecer y responder diligentemente nuestras órdenes. In re Colón Cordovés, 2016 TSPR 94, 195 DPR ___ (2016); In re Santiago Rodríguez, 2016 TSPR 43, 194 DPR ___ (2016). De esta manera, reiteradamente hemos dicho que procede la suspensión inmediata de un miembro de la profesión legal cuando desatiende nuestras órdenes y se muestra indiferente ante nuestros apercibimientos de sanciones disciplinarias. In re Santaliz Martell, 2016 TSPR 45, 4, 194 DPR ___ (2016); In re García Incera, 177 DPR 329, 331 (2009). No cabe duda que dicha conducta constituye un serio agravio a la autoridad de este foro y es contraria a lo requerido por el Canon 9 del Código de Ética Profesional, supra. In re García Incera, supra, pág. 331.

Además, hemos expresado que incumplir con nuestros requerimientos es una falta independiente a los méritos de la queja presentada en contra del abogado o abogada. Íd.

Revisado el marco legal aplicable al caso ante nuestra consideración, pasamos a resolver de manera cónsona con los mismos.

III

Surge de los hechos que hemos recogido en esta Opinión *Per curiam* que la licenciada Stacholy Ramos no ha comparecido ante este Tribunal para contestar la queja presentada en su contra. Esto, a pesar de que se le han concedido múltiples prórrogas y oportunidades para comparecer y cumplir con lo ordenado por nuestro Reglamento. No podemos atribuir la incomparecencia de la abogada a que no ha recibido nuestras comunicaciones. Del expediente se desprende que ésta tenía conocimiento de nuestra orden final emitida el 23 de julio de 2015 debido a que reaccionó a la misma mediante carta para solicitar un término adicional. En ambas misivas enviadas por la licenciada Stacholy Ramos, consta la dirección del apartado postal que ésta tiene registrado en RUA. Como hemos establecido con anterioridad, de no ser esta la dirección actual en la que la licenciada Stacholy Ramos recibe las notificaciones, es su obligación, así como la de todo miembro activo en la profesión legal en Puerto Rico, mantener actualizada su información de contacto en el registro de este Tribunal. Véase, Regla 9(j) del Reglamento del Tribunal Supremo, 4A LPRA Ap. XXI-B, R. 9. In re Colón Cordovés, supra; In re Toro Soto, 181 DPR 654 (2011). Podemos colegir de estos hechos que la licenciada ha hecho caso omiso a nuestros requerimientos, aún bajo apercibimiento de sanciones severas, como la suspensión al ejercicio de la profesión. Esta conducta, que denota una

falta de diligencia y respeto hacia este foro y su facultad disciplinaria, no debe ser tolerada.

Atendidos los hechos antes reseñados, se decreta la suspensión inmediata e indefinida de la licenciada Stacholy Ramos del ejercicio de la abogacía y la notaría. Decretada su suspensión, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga asuntos o causas de acción pendientes. De la misma manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la licenciada Stacholy Ramos y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este foro.

Notifíquese personalmente a la licenciada Stacholy Ramos esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Yolanda M. Stacholy Ramos                AB-2014-0230

SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Yolanda M. Stacholy Ramos del ejercicio de la abogacía y la notaría.

Le imponemos el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la licenciada Stacholy Ramos y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este foro.

Notifíquese personalmente al licenciado Morales Rodríguez esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo