EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Juan Lorenzo Rodríguez Quesada | 2016 TSPR 159<br><br>195 DPR ____ |

Número del Caso: TS-5035


Fecha: 30 de junio de 2016



Materia: La suspensión será efectiva el 8 de julio de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Lorenzo Rodríguez                   TS-5035

Quesada


PER CURIAM

En San Juan, Puerto Rico, a 30 de junio de 2016.


El licenciado Juan Lorenzo Rodríguez Quesada fue admitido a la práctica de la abogacía el 12 de diciembre de 1975 y a la práctica de la notaría en febrero de 1976. Eventualmente, en 2001 cesó voluntariamente la práctica del notariado y entregó sus protocolos y el correspondiente sello notarial a la Oficina de Inspección de Notarías. A su vez, este está autorizado desde el 2005 a ejercer la práctica de la abogacía en el Distrito de Columbia.

El asunto ante nuestra consideración surge a raíz de una comunicación que nos fue remitida el 21 de agosto de 2015 por parte del *Office of Bar Counsel* del Distrito de Columbia. Mediante la misma fue referida a este Tribunal una Opinión *Per Curiam* de la Corte de Apelaciones del Distrito de Columbia mediante la cual el licenciado Rodríguez Quesada fue suspendido de la práctica de la profesión en esa jurisdicción por un término de dos años. En esencia, se determinó que este violó numerosas reglas de conducta profesional mientras representaba a varios clientes en asuntos de inmigración. Algunas de las faltas que motivaron la suspensión fueron las siguientes: falta de diligencia; no mantener informados a los clientes; no devolver ciertos expedientes; retener honorarios por trabajos no realizados; realizar falsas representaciones ante el tribunal e interferir con la administración de la justicia.

Ante ello, el 18 de marzo de 2016 emitimos una Resolución en la que le ordenamos al licenciado Rodríguez Quesada que en un término de 20 días mostrara causa por la cual no debía ser suspendido de la práctica de la profesión en nuestra jurisdicción. Personal de la Secretaría del Tribunal Supremo notificó dicha orden a la dirección postal

del abogado según consta en el Registro Único de Abogados de la Rama Judicial de Puerto Rico (RUA). Al día de hoy, este no ha comparecido a cumplir con lo ordenado.

## II

El Canon 9 de Ética Profesional, supra, dispone que: "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto…". 4 L.P.R.A. Ap. IX. C. 9. Al interpretar este precepto hemos expresado que la naturaleza de la función de abogado requiere que se emplee estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer. In re García Ortiz, 187 D.P.R. 507, 524 (2012). En ese contexto, es obligación de todo letrado responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente en aquellos asuntos relacionados con procedimientos disciplinarios sobre su conducta profesional. In re Fidalgo Córdova, 183 D.P.R. 217, 222 (2011); In re Fontón la Fontaine, 182 D.P.R. 934, 935 (2011). Cuando los abogados no cumplen con las órdenes de esta Curia, demuestran menosprecio hacia nuestra autoridad. Véase, In Re Irizarry Irizarry, 190 DPR 368 (2014); In re: Martínez Romero, 188 DPR 511 (2013). Hemos enunciado que este incumplimiento "obstaculiza el ejercicio de nuestra

jurisdicción disciplinaria y también es suficiente para decretar su separación indefinida de la profesión". In Re Pastrana Silva, 2016 TSPR 80, 194 DPR __ (2016). Hemos reiterado que el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituyen causa suficiente para una suspensión inmediata. In re Toro Soto, 181 D.P.R. 654, 660 (2011); In re Martínez Sotomayor, 181 D.P.R. 1 (2011). Ante ello, un abogado actúa en contravención al Canon 9, supra, cuando desatiende órdenes relacionadas con nuestra jurisdicción disciplinaria. In re Rodríguez Bigas, 172 D.P.R. 345 (2007).

Luego de exponer el marco ético que antecede, pasemos a discutir si el querellado infringió las disposiciones del Canon 9 del Código de Ética Profesional, supra.

**III**

Luego de examinar el expediente de este caso no hay duda de que el licenciado Rodríguez Quesada incumplió con nuestra orden del 18 de marzo de 2016, infringiendo así el Canon 9 de Ética Profesional, supra. Dicha resolución le fue notificada a la dirección postal que en el consta el Registro Único de Abogados. Recordemos que todo abogado y abogada debe mantener su información personal actualizada

en el RUA según dicta la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XX1-B.

## IV

Por los fundamentos que anteceden, concluimos que el licenciado Rodríguez Quesada infringió el Canon 9 del Código de Ética Profesional, supra, al incumplir con nuestra orden del 18 de marzo de 2016. En consecuencia, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

En vista de lo anterior, le imponemos el deber de notificar inmediatamente a todos sus clientes de su inhabilidad de seguir representándolos y a los foros judiciales y administrativos de Puerto Rico en cuanto a su suspensión indefinida. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. El cumplimiento con estos deberes será notificado también a la Procuradora General.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Lorenzo Rodríguez                    TS-5035

Quesada


SENTENCIA


En San Juan, Puerto Rico, a 30 de junio de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata del Lcdo. Juan Lorenzo Rodríguez Quesada por infringir el Canon 9 del Código de Ética Profesional al incumplir con nuestros requerimientos. 4 LPRA Ap. IX.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino. La Juez Asociada señora Rodríguez Rodríguez emite la siguiente expresión: "En este caso no se le notificó personalmente la orden que emitimos por ello considero que no procede, en este momento, separarlo. Emitiría una nueva orden y notificaría personalmente".


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo