EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| :--- | :--- |
| | 2017 TSPR 28 |
| Diego E. Mejías Montalvo (TS-4,021) | 197 DPR ____ |

Número del Caso: AB-2013-411

Fecha: 27 de febrero de 2017

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús

Materia: Conducta Profesional – La Suspensión será efectiva el 9 de marzo de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*<br><br>Diego E. Mejías Montalvo<br>(TS-4,021) | **Núm.** <u>AB-2013-0411</u> |  |

*PER CURIAM*

San Juan, Puerto Rico, a 27 de febrero de 2017

Nuevamente tenemos ante nuestra consideración la conducta de un profesional del Derecho que incumplió, de forma reiterada, con las órdenes de este Tribunal. Tal proceder representa una inobservancia a los deberes que se derivan del Canon 9 del *Código de ética Profesional* y, por consiguiente, nos vemos forzados a separarlo, inmediata e indefinidamente, del ejercicio de la profesión de la abogacía.

**I**

El 8 de octubre de 2013, el Sr. José L. Rico Dávila presentó una queja en contra del Lcdo. Diego R. Mejías Montalvo.[1] En esencia, informó que contrató al licenciado Mejías Montalvo para que lo representara en un asunto de Derecho Sucesorio. No obstante, el señor Rico Dávila sostuvo que el licenciado Mejías Montalvo no realizó trámite alguno para adelantar su causa y tampoco le devolvió cierta documentación que éste le había proporcionado.

---

[1] El Lcdo. Diego E. Mejías Montalvo fue admitido al ejercicio de la profesión de la abogacía el 25 de mayo de 1972 y al de la notaría el 16 de junio de 1972.

Tras concedérsele varias prórrogas, el 9 de abril de 2014, el licenciado Mejías Montalvo contestó la queja. En su misiva, indicó que desconocía los reclamos del señor Rico Dávila y lamentaba que éste hubiese recurrido a presentar una queja sin antes informarle sobre la controversia. Posteriormente, el 18 de mayo de 2015, referimos el asunto a la Oficina de Inspección de Notarías (ODIN) para la correspondiente investigación. El 17 de septiembre de 2015, el Director de la ODIN, Lcdo. Manuel E. Ávila De Jesús, compareció ante nosotros mediante un *Informe*. En éste, la ODIN concluyó que no existía evidencia que demostrara que el licenciado Mejías Montalvo hubiese incurrido en conducta impropia relacionada con el ejercicio de la notaría. Ello, pues, las imputaciones que surgían de la queja se relacionaban con el licenciado Mejías Montalvo en su carácter de representante legal del quejoso. Por ello, la ODIN recomendó archivar la queja en cuanto a la imputación de violaciones a la *Ley o Reglamento Notarial* y sugirió que contempláramos referir el asunto a la Oficina de la Procuradora General.[2]

---

[2] Se desprende del *Informe* que, el 13 de agosto de 2015, el licenciado Mejías Montalvo presentó ante la ODIN una misiva con tal de hacer constar su interés en cesar voluntariamente a la profesión de la abogacía y la notaría. Luego, éste depositó su obra notarial con el fin de que se inspeccionara los años 2011 al 2015, pues ésta estaba aprobada hasta el año 2010.

No obstante, hacemos constar que en ningún momento el licenciado Mejías Montalvo presentó una petición de cambio de estatus ante este Tribunal o reiteró su interés en cesar la práctica de la abogacía tras notificárseles las diversas resoluciones que emitió este Tribunal posteriormente.

El 25 de septiembre de 2015, este Tribunal emitió una *Resolución* mediante la cual se le concedió al licenciado Mejías Montalvo un término de veinte (20) días para expresarse en torno al *Informe*. Asimismo, se le apercibió que, de no comparecer, se allanaría a las recomendaciones ahí formuladas. El licenciado Mejías Montalvo no compareció. Así, pues, el 27 de mayo de 2016, ordenamos el archivo de la queja y le concedimos a éste un término de veinte (20) días para devolver el expediente sobre declaratoria de herederos al señor Rico Dávila y acreditar su entrega.

Posteriormente, el 11 de octubre de 2016, el señor Rico Dávila compareció ante nosotros con tal de informarnos que el licenciado Mejías Montalvo incumplió con nuestra orden, pues no había devuelto el expediente en cuestión. En consecuencia, el 18 de octubre de 2016, le concedimos un término final de cinco (5) días al licenciado Mejías Montalvo para que certificara cumplimiento con nuestra orden. A pesar de ello, éste incumplió.

Finalmente, el 16 de diciembre de 2016, este Foro emitió una *Resolución* en la que se le concedió un término final de tres (3) días al licenciado Mejías Montalvo para que acreditara la devolución del expediente del señor Rico Dávila. Asimismo, se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la profesión de la abogacía.

Cabe destacar que esta *Resolución* se notificó personalmente al licenciado Mejías Montalvo. Empero, al día de hoy, éste no ha comparecido ni ha solicitado prórroga para comparecer, por lo que continúa en incumplimiento con nuestras órdenes.

## II

Sin ambages, el Canon 9 del *Código de ética profesional* dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. En tanto el profesional del Derecho es un funcionario del sistema judicial; éste tiene que emplear "estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentra obligado a comparecer". *In re: Juan L. Rodríguez Quesada*, 2016 TSPR 159, en la pág. 4, 195 DPR ___ (2016). Véase, además, *In re: Yolanda M. Stacholy Ramos*, 2016 TSPR 153, en la pág. 4, 196 DPR ___ (2016); *In re: Verónica Del C. Crespo Peña*, 2016 TSPR 65, en la pág. 5, 195 DPR ___ (2016).

Reiteradamente, hemos categorizado el incumplimiento con este deber como un menosprecio a la autoridad del Tribunal. *In re: Rodríguez Quesada*, 2016 TSPR en la pág. 4. Ello, pues, "un abogado que desatiende las órdenes o requerimientos oficiales trastoca y afecta nuestra función reguladora de la profesión legal de Puerto Rico". *In re: Zahíra Y. Colón Collazo*, 2016 TSPR 184, en la pág. 6, 196 DPR ___ (2016). Sin duda, tal proceder es incompatible con

los preceptos consagrados en el Canon 9 del *Código de ética profesional*. *In re: Laura E. Figueroa Cortés*, 2016 TSPR 202, en la pág. 4, 196 DPR ___ (2016); *In re: Nelson Vélez Lugo*, 2016 TSPR 104, en la pág. 9, 195 DPR ___ (2016).

Por tanto, el incumplimiento con el precitado Canon conlleva, ineludiblemente, la imposición de sanciones disciplinarias. Véase *In re: Miguel A. Montalvo Delgado*, 2016 TSPR 223, en la pág. 10, 196 DPR ___ (2016); *In re: Rubie M. Alicea Martínez*, 2016 TPSR 211, en la pág. 3, 195 DPR ___ (2016). En particular, hemos expresado que "procede la suspensión inmediata de un miembro de la profesión legal cuando desatiende nuestras órdenes y se muestra indiferente ante nuestros apercibimientos de sanciones disciplinarias". *In re: Stacholy Ramos*, 2016 TSPR en la pág. 6. Véase, además, *In re: Rodríguez Quesada*, 2016 TSPR en la pág. 5; *In re: Irizarry Irizarry*, 190 DPR 368, 375 (2014). *In re: Pérez Román*, 191 DPR 186, 188 (2014).

### III

El 27 de mayo de 2016, este Tribunal determinó que procedía el archivo de la queja que presentó el señor Rico Dávila en contra del licenciado Mejías Montalvo. No obstante, ordenamos la devolución del expediente de declaratoria de herederos al señor Rico Dávila quien le había facilitado luego de haberlo contratado. A esos efectos, se le concedió al licenciado Mejías Montalvo un

término de veinte (20) días para cumplir con nuestra orden. Según señalamos, éste hizo caso omiso a nuestro mandato.

A pesar de ello, posteriormente, este Tribunal emitió dos (2) resoluciones -el 18 de octubre de 2016 y el 16 de diciembre de 2016- mediante las cuales se le concedieron al licenciado Mejías Montalvo términos adicionales para cumplir con nuestra orden. No obstante, pasados más de siete (7) meses desde que emitimos la *Resolución* de 27 de mayo de 2016, no hemos recibido respuesta alguna por parte del licenciado Mejías Montalvo. Ello, a pesar de que "los abogados están indefectiblemente obligados a cumplir toda orden emitida por un tribunal". *In re: Gloria A. Torres Román,* 2016 TSPR 154, en la pág. 11, 195 DPR ___ (2016). Así, el licenciado Mejías Montalvo incumplió nuestra orden y, al privarle al señor Rico Dávila el expediente solicitado, ha imposibilitado que su anterior cliente continúe su causa de acción.

Recuérdese, "el ejercicio diligente, responsable y competente de la profesión de la abogacía figura como un supuesto fundamental en el quehacer de los profesionales del Derecho". *In re: Montalvo Delgado*, 2016 TSPR 223, en las págs. 8-9. Ciertamente, el licenciado Mejías Montalvo demostró un craso incumplimiento con su deber para con este Tribunal y su anterior cliente, en consideración a los postulados del Canon 9 del *Código de ética profesional.*

**IV**

Conforme a los hechos reseñados y los fundamentos de Derecho previamente esbozados, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del Lcdo. Diego E. Mejías Montalvo. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por otro lado, durante el mismo término, el licenciado Mejías Montalvo deberá devolver el expediente de declaratoria de herederos al señor Rico Dávila y certificar su cumplimiento ante este Tribunal. Asimismo, se apercibe al licenciado Mejías Montalvo que, de incumplir con este mandato, será referido al Tribunal de Primera Instancia para la vista de desacato correspondiente.

Finalmente, el Director de la ODIN deberá presentar el informe respecto al estado de la obra notarial del licenciado Mejías Montalvo depositada en agosto de 2015 en los archivos de la ODIN.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Diego E. Mejías Montalvo
      (TS-4021)               **Núm.** <u>AB-2013-0411</u>

SENTENCIA

San Juan, Puerto Rico, a 27 de febrero de 2017

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del Lcdo. Diego E. Mejías Montalvo. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por otro lado, durante el mismo término, el licenciado Mejías Montalvo deberá devolver el expediente de declaratoria de herederos al señor Rico Dávila y certificar su cumplimiento ante este Tribunal. Asimismo, se apercibe al licenciado Mejías Montalvo que, de incumplir con este mandato, será referido al Tribunal de Primera Instancia para la vista de desacato correspondiente.

Finalmente, el Director de la ODIN deberá presentar el informe respecto al estado de la obra

notarial del licenciado Mejías Montalvo depositada en agosto de 2015 en los archivos de la ODIN.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                         Juan Ernesto Dávila Rivera
                         Secretario del Tribunal Supremo