EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2017 TSPR 107 |
| Ricardo Santos Ortiz (TS-14,021) | 198 DPR ____ |

Número del Caso: AB-2016-209

Fecha:   12 de junio de 2017

Abogado del promovido:

        Por derecho propio

Oficina del Procurador General:

        Lcdo. Joseph Feldstein Del Valle
        Subprocurador General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

Materia:   La suspensión será efectiva el 20 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo Santos Ortiz          AB-2016-209          Queja
    (TS,14,021)

PER CURIAM

San Juan, Puerto Rico, a 12 de junio de 2017.

Hoy nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer las medidas disciplinarias correspondientes.

I

El Lcdo. Ricardo Santos Ortiz fue admitido al ejercicio de la abogacía el 30 de enero de 2002 y prestó juramento como notario el 19 de junio de 2002. El 8 de julio de 2016 la Sra. Ilsa M. Torres Canales presentó la queja de epígrafe

en contra del licenciado Santos Ortiz.[1] En síntesis, la señora Torres Canales indicó que para el 2010 solicitó los servicios de representación legal que la Unión de Organizadores y Personal de Oficina (Unión) les provee a sus miembros para el trámite de una querella sobre despido ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo (Negociado). A esos fines, se le asignó al licenciado Santos Ortiz como su representante legal.

La señora Torres Canales señaló que, luego de celebrarse varias vistas, el árbitro del Negociado a cargo de su caso le informó al licenciado Santos Ortiz que era necesario presentar un alegato para la resolución del pleito. Sin embargo, el abogado nunca presentó el escrito. Además, adujo que el licenciado Santos Ortiz no planificaba reuniones con suficiente tiempo antes de las vistas para discutir el seguimiento del caso, no se comunicaba con ella para informarle sobre el estado del caso y tampoco le había entregado el expediente de su caso, a pesar de ésta habérselo pedido en varias ocasiones.

Luego de la presentación de la queja, el licenciado Santos Ortiz renunció al caso ante el Negociado y solicitó que le concediéramos un término para entregar el expediente original a la Unión y una copia del expediente

---

[1] Cabe destacar que el Lcdo. Ricardo Santos Ortiz tiene 2 quejas activas adicionales a la de epígrafe ante este Tribunal; éstas son la queja AB-2015-126 y la queja AB-2017-45.

a la señora Torres Canales. En respuesta, este Tribunal emitió una Resolución el 20 de septiembre de 2016 mediante la cual le concedió un término de 5 días laborables para que el abogado entregara los expedientes y nos acreditara el cumplimiento con lo ordenado.[2]

El 4 de octubre de 2016 la señora Torres Canales presentó una *Moción urgente informativa* en la cual indicó que el licenciado Santos Ortiz aun no le había devuelto el expediente, a pesar de la orden de este Tribunal. Consecuentemente, emitimos una Resolución el 14 de octubre de 2016 mediante la cual le concedimos al licenciado Santos Ortiz hasta el 20 de octubre de 2016 para que entregara el expediente original a la Unión y la copia del mismo a la señora Torres Canales.[3] Además, le advertimos que el término concedido era final e improrrogable y que su incumplimiento podría conllevar la suspensión del ejercicio de la abogacía, independientemente de los méritos de la queja. Asimismo, le ordenamos al abogado que presentara su contestación a la queja y especificara las razones por las cuales no debíamos imponerle sanciones disciplinarias. Sin embargo, el abogado incumplió nuevamente con nuestras órdenes.

Así las cosas, el 14 de diciembre de 2016 emitimos otra Resolución mediante la cual le concedimos al

---

[2] Archivada en autos la copia de la notificación de la Resolución el 21 de septiembre de 2016.

[3] Archivada en autos la copia de la notificación de la Resolución el 17 de octubre de 2016.

licenciado Santos Ortiz hasta el 21 de diciembre de 2016 para que entregara los expedientes.[4] Además, dentro del mismo término, el abogado debía acreditar ante este Tribunal el cumplimiento con dicha orden. De igual modo, reiteramos que el licenciado Santos Ortiz debía contestar los méritos de la queja AB-2016-209 y que tendría hasta el 21 de diciembre de 2016 para ello. Finalmente, le advertimos al abogado que, independientemente de los méritos de la queja, el incumplimiento con las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, lo que podría acarrear la suspensión del ejercicio de la abogacía y la notaría.

Una vez vencido el término concedido al abogado, el 3 de febrero de 2017 el Procurador General presentó una *Moción urgente sobre Resolución de 14 de diciembre de 2016*. En el referido escrito, informó que el licenciado Santos Ortiz no ha cumplido con ninguna de nuestras órdenes. Particularmente, señaló que se comunicó con la señora Torres Canales y ésta le indicó que el abogado aun no le ha entregado el expediente por lo que está confrontando problemas con su caso. Así pues, el Procurador General entiende que la desatención del licenciado Santos Ortiz a este proceso constituye una

---

[4] Archivada en autos la copia de la notificación de la Resolución el 19 de diciembre de 2016.

violación a los Cánones 9 y 12 de Ética Profesional. Al día de hoy, el abogado no ha comparecido ante nosotros.

II

Como parte de nuestra facultad inherente de regular la profesión jurídica en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[5] A esos fines, el Código de Ética Profesional establece las normas mínimas de conducta que deben seguir los abogados y las abogadas que ejercen esta profesión.[6]

Una de las disposiciones de mayor importancia en nuestro ordenamiento jurídico es el Canon 9 del Código de Ética Profesional, *supra,* el cual establece que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[7] Por ello, éstos tienen que emplear estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[8] Así pues, todo abogado o abogada tiene la obligación de responder diligente y oportunamente a los requerimientos y

---

[5] In re Marín Serrano, 2017 TSPR 34, 197 DPR ____ (2017); In re Montalvo Delgado, 2016 TSPR 223, 196 DPR ____ (2016); In re Sepúlveda Torres, 2016 TSPR 164, 196 DPR ____ (2016); In re Oyola Torres, 195 DPR 437,440 (2016); In re Vera Vélez, 192 DPR 216, 226 (2015).

[6] In re Marín Serrano, supra; In re Sepúlveda Torres, supra. Véase, además: In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689, 695 (2013).

[7] 4 LPRA Ap. IX.

[8] In re Marín Serrano, supra; In re Rodríguez Quesada, 2016 TSPR 159, 195 DPR ____ (2016); In re Stacholy Ramos, 2016 TSPR 153, 195 DPR ____ (2016).

las órdenes de este Tribunal, especialmente en aquellos asuntos relacionados con procedimientos disciplinarios sobre su conducta profesional.[9]

Cabe destacar que el incumplimiento con este deber, demuestra un claro menosprecio a la autoridad de este Tribunal.[10] Además, en reiteradas ocasiones hemos señalado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[11] De ese modo, desatender nuestros requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.[12]

### III

A pesar de las múltiples oportunidades y apercibimientos de este Tribunal, el licenciado Santos Ortiz ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Ello pues, el abogado ha incumplido con todas las órdenes que hemos emitido y tampoco ha comparecido a contestar los señalamientos imputados en su contra. Esa

---

[9] In re Marín Serrano, supra; In re Vera Vélez, supra, pág. 226.

[10] In re Marín Serrano, supra; In re Rodríguez Quesada, supra. Véase, además: In re De León Rodríguez, 190 DPR 378, 390-391 (2014); In re Irizarry Irizarry, 190 DPR 368, 374 (2014).

[11] In re Marín Serrano, supra; In re Vera Vélez, supra, págs. 226-227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011).

[12] In re Marín Serrano, supra; In re Figueroa Cortés, 2016 TSPR 202, 196 DPR ____ (2016).

conducta, en sí misma, constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Con su comportamiento, el licenciado Santos Ortiz nos ha demostrado que no tiene interés en practicar la profesión jurídica en esta jurisdicción.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Santos Ortiz del ejercicio de la abogacía y la notaría.

El licenciado Santos Ortiz deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución, **incluyendo el expediente de la Unión y de la señora Torres Canales**, y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Santos Ortiz y entregarlos al Director de la Oficina de

Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el licenciado Santos Ortiz durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ricardo Santos Ortiz            AB-2016-209        Queja
     (TS-14,021)

SENTENCIA

San Juan, Puerto Rico, a 12 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Ricardo Santos Ortiz del ejercicio de la abogacía y la notaría.

El licenciado Santos Ortiz deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución, **incluyendo el expediente de la Unión de Organizadores y Personal de Oficina y de la Sra. Ilsa M. Torres Canales**, y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Santos Ortiz y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el licenciado Santos Ortiz durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo