EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Yanira Santiago Santiago | 2018 TSPR 46<br><br>199 DPR ____ |
| --- | --- |

Número de Caso: TS-16,390


20 de marzo de 2018


Abogado de la promovida:
        Por derecho propio.



Programa de Educación Jurídica Continua:
        Lcdo. José Ignacio Campos Pérez
        Director



Materia: Suspensión inmediata e indefinida de la abogacía por incumplir con las órdenes del Tribunal Supremo.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:                                    TS-16,390

Yanira Santiago Santiago


PER CURIAM

En San Juan, Puerto Rico, a de 20 de marzo de 2018.

En el día de hoy nos corresponde ejercitar nuestro poder disciplinario y decretar la suspensión de la Lcda. Yanira Santiago Santiago (licenciada Santiago Santiago) de la profesión legal por desobedecer nuestras órdenes.

Pasemos entonces a consignar los hechos que acarrearon su suspensión.

I

El 26 de enero de 2007 la licenciada Santiago Santiago fue admitida al ejercicio de la abogacía. El 19 de mayo de 2017 el Director Ejecutivo del Programa de Educación Jurídica Continua, el Lcdo. José Ignacio Campos Pérez, presentó ante este

Tribunal un escrito titulado *Informe sobre incumplimiento con requisito de educación jurídica continua*. Por medio de éste, informó que la licenciada Santiago Santiago inobservó las exigencias del PEJC.

Consecuentemente, el 30 de junio de 2017 emitimos una Resolución otorgándole a la licenciada Santiago Santiago término de veinte días para comparecer y mostrar causa por la cual no debía ser separada de la práctica de la abogacía, por incumplir con los requerimientos del PEJC y por no comparecer cuando se le solicitó.

Dado a que la licenciada Santiago Santiago no acató lo ordenado, el 16 de agosto de 2017 dictamos otra Resolución, concediéndole un **periodo final** de diez días para que mostrara causa por la cual no debíamos suspenderla de la abogacía por no cumplir con los requisitos del PEJC.[1]

A continuación consignaremos el derecho que aplica a este marco fáctico.

## II

Parte de la facultad inherente para regular la profesión jurídica conlleva que nos cercioremos que sus miembros desempeñen sus funciones de modo responsable, competente y diligente.[2] A tono con ello, promulgamos el

---

[1] En cuanto a la notificación de esta Resolución, el 14 de diciembre de 2017 el Alguacil Auxiliar de Seguridad cursó una carta donde esbozó los trámites llevados a cabo para entregar a la señora Santiago Santiago la misma. Plasmó que se personó, en dos ocasiones, a la residencia de ésta y que se le comunicó que no se encontraba. Indicó, además, que un vecino expresó que la señora Santiago Santiago se encontraba residiendo en Estados Unidos hace cinco años.

[2] In re Shirley Vélez Rivera, 2018 TSPR 4, en la pág. 6, 199 DPR ___ (2018); In re Ricardo Santos Ortiz, 2017 TSPR 107, en la pág. 5, 198 DPR ___ (2017).

Código de Ética Profesional el cual contiene las normas *mínima*s de conducta que deben desplegar los abogados y abogadas que ejercen tan ilustre profesión.[3]

En específico, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, es una de las disposiciones de mayor envergadura, pues establece cómo los letrados deben conducirse en los tribunales de justicia del país.[4] A esos fines, y en lo que nos concierne, preceptúa que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5]

Al analizar esta disposición, expresamos que la naturaleza de la función del abogado conlleva que éste emplee estricta atención y obediencia a las órdenes de este Tribunal, o de cualquier foro judicial que esté obligado a comparecer.[6] En otras palabras, cada miembro de la clase togada tiene la ineludible obligación de respetar, acatar y responder diligentemente nuestras órdenes. Este deber cobra más rigor si se trata de asuntos relacionados a la conducta profesional de los abogados.[7]

El quebrantamiento de un miembro de la clase togada con las órdenes de este Tribunal evidencia un claro

---

[3] In re Arlene Zambrana Ortiz, 2017 TSPR 111, 198 DPR ____ (2017); In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689 (2013).

[4] In re Shirley Vélez Rivera, 2018 TSPR 4, en la pág. 6, 199 DPR ___ (2018).

[5] 4 LPRA Ap. IX. C. 9.

[6] In re Ricardo Santos Ortiz, *supra*, pág. 5. In re García Ortiz, 187 DPR 507, 524 (2012).

[7] Id., In re Rivera Sepúlveda, 192 DPR 985, 988 (2015); In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

menosprecio hacia nuestra autoridad.[8] Asimismo, su desatención a las órdenes judiciales no se tomará de manera liviana pues constituye un serio agravio a la autoridad de los tribunales.[9] Consiguientemente, hemos pronunciado que la actitud de indiferencia hacia nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para decretar la suspensión inmediata e indefinida de la profesión de la abogacía.[10]

Este canon comprende los preceptos que rigen la conducta de los letrados ante los foros judiciales. No obstante, lo hicimos extensivo a las entidades que les delegamos la tarea de velar por el cumplimiento de las obligaciones que acarrean la práctica legal. Por tanto, la aplicación del Canon 9 no está restringida a las órdenes expedidas por esta Curia.[11] De modo que, esta norma, también rige la conducta que la clase togada debe observar sobre los requerimientos llevados a cabo por las entidades que auxilian a este Tribunal en el descargo de sus responsabilidades.[12] Consecuentemente, las obligaciones que impone el Canon 9 se extienden a los requerimientos del PEJC.[13]

---

[8] In re Irizarry Irizarry, *supra*, pág. 374; In re De León Rodríguez, 190 DPR 378, 390-391 (2014).

[9] In re Christine M. Pratts Barbarossa, 2018 TSPR 5, en la pág. 6, 199 DPR ___ (2018); In re Planas Merced, 195 DPR 73, 77 (2016).

[10] In re Figueroa Cortés, 196 DPR 1, 3 (2016); In re López González, 193 DPR 1021 (2015); In re Irizarry Irizarry, *supra*; In re Vera Vélez, *supra*, pág. 227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011).

[11] In re Torres Román, 195 DPR 882, 891 (2016).

[12] Íd.

[13] In re Justo Méndez Molina, 2018 TSPR 3, en la pág. 6, 199 DPR ___ (2018).

Expuesto el marco legal que aplica a los hechos de este caso, nos encontramos en posición de resolver.

### III

Según establecimos, el presente caso surgió cuando el Director Ejecutivo del PEJC presentó ante esta Curia un informe donde notificó el incumplimiento de la licenciada Santiago Santiago con los requisitos del programa. Por ello, le solicitamos a la licenciada Santiago Santiago que, en un plazo de veinte días, mostrara causa por la cual no debíamos separarla de la abogacía por inobservar su deber de satisfacer las exigencias del PEJC. Dado que ésta no compareció, le concedimos un **término final** de diez días para que realizara lo ordenado, en cambio, tampoco cumplió.

Aunque se le otorgó múltiples oportunidades para hacerlo, al presente, la licenciada Santiago Santiago ha ignorado nuestras órdenes. Su conducta revela un alto grado de desidia e indiferencia hacia nuestros requerimientos, así contraviene nuestra autoridad en clara violación al Canon 9. Tal proceder, por sí solo, amerita que se suspenda de la profesión jurídica.

### IV

En vista de lo que antecede, separamos de manera inmediata e indefinida a la señora Santiago Santiago de la práctica de la abogacía. Le imponemos la obligación de poner en conocimiento a todos sus clientes sobre su inhabilidad de continuar representándolos y de restituir los honorarios recibidos por las labores no realizadas.

Además, tiene el deber de comunicar su suspensión a los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún caso pendiente. Asimismo, deberá acreditar y certificar a esta Curia su cumplimiento con lo anterior dentro de un término de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Yanira Santiago Santiago

TS-16,390

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2018.

Por los fundamentos enunciados en la Opinión *Per Curiam* que precede y se hace formar parte de la presente Sentencia, separamos de manera inmediata e indefinida a la Sra. Yanira Santiago Santiago de la práctica de la abogacía. Le imponemos la obligación de poner en conocimiento a todos sus clientes sobre su inhabilidad de continuar representándolos y de restituir los honorarios recibidos por las labores no realizadas. Además, tiene el deber de comunicar su suspensión a los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún caso pendiente. Asimismo, deberá acreditar y certificar a esta Curia su cumplimiento con lo anterior dentro de un término de treinta días una vez notificada la Opinión *Per Curiam* y Sentencia.

Notifíquese por correo certificado con acuse de recibo y vía correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo