*In re* ARSENIO MARÍN SERRANO.

*Número:* TS-8845        *Resuelto:* 9 de marzo de 2017

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías.

PER CURIAM: Nuevamente tenemos ante nuestra consideración la conducta de un profesional del Derecho que desatendió las órdenes de este Tribunal. Específicamente, al incumplir con los deberes que se derivan del Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. En consecuencia, por los fundamentos que enunciamos a continuación, ordenamos su suspensión inmediata e indefinida de la práctica de la abogacía y la notaría.

I

El Lcdo. Arsenio Marín Serrano (licenciado Marín Serrano) fue admitido al ejercicio de la abogacía el 4 de enero de 1988 y a la práctica de la notaría el 8 de febrero del mismo año. El 18 de octubre de 2016, el Director de la Oficina de Inspección de Notarías (ODIN) presentó un *Informe especial solicitando auxilio del Tribunal y notificando estado de obra notarial incautada.* En ese documento expresó que el 21 de junio de 2016 un Inspector de Protocolos y Notarías (Inspector) se personó a la sede notarial del licenciado Marín Serrano para realizar un examen ordinario previamente coordinado y notificado al notario. Durante el examen preliminar el Inspector se percató que, de los cuatro libros de Registro de Testimonios que produjo el notario en ese momento, este había omitido cancelar el correspondiente sello a favor de la Sociedad de Asistencia Legal (SAL).[1] De la obra examinada identificó una deficiencia arancelaria de *$4,206.*

Así las cosas, el Inspector solicitó al notario que facilitara la obra protocolar bajo su custodia, incluyendo la examinada y aprobada hasta el 2002. Sin embargo, el notario

---

[1] Surge del referido informe que los cuatro libros de Registro de Testimonios contenían los Asientos Núms. 1 al 5,944. El notario había omitido cancelar el correspondiente sello a favor de SAL a partir del Asiento Núm. 4,543.

le expresó que esta se encontraba en un local comercial arrendado cuya llave había entregado. Ante esta situación, considerando las condiciones en que eran custodiados los Libros de Registro de Testimonios, se solicitó la anuencia del Director de la ODIN para incautar los libros y el sello notarial del notario.

Transcurridos aproximadamente dos meses desde el suceso, se identificó el lugar donde ubicaba la obra protocolar. Por consiguiente, se incautó preventivamente y se depositó en el Archivo Notarial del Distrito de San Juan. Concluida la inspección correspondiente, el Director de la ODIN nos remitió un *Informe de señalamiento preliminar de faltas*. En este señaló un sinnúmero de deficiencias.[2]

Posteriormente, mediante Resolución de 1 de noviembre de 2016 concedimos al licenciado Marín Serrano un término improrrogable de treinta días naturales para que presentara los informes de actividad notarial. Además, concedimos un término improrrogable de noventa días naturales para subsanar las deficiencias señaladas en la obra protocolar. Específicamente, el notario debía entregar el instrumento público pendiente de examen o encaminar su reconstrucción, encuadernar los tomos de Protocolos incautados preventivamente y subsanar la deficiencia arancelaria existente en la obra protocolar que asciende a $4,206. En la referida Resolución también apercibimos al letrado de que el incumplimiento con los términos concedidos conllevaría la suspensión de la notaría y una posible sanción

---

[2] Entre las deficiencias señaladas se encuentran las siguientes: encuadernación, foliación, redacción de nota de apertura y cierre e índice de los tomos de Protocolos formados para los años naturales 2014 y 2015; falta de firma e iniciales de partes otorgantes en instrumentos públicos; omisión de firma, signo, sello y rúbrica en instrumentos; omisión de la valoración de edificación; se omitió acreditar la capacidad representativa de las partes otorgantes y advertir la necesidad de ratificar el negocio jurídico celebrado; se omitió esbozar advertencias legales necesarias relacionadas con el negocio jurídico instrumentado; se omitió cancelar sellos de rentas internas, Impuesto Notarial y SAL en instrumentos públicos otorgados y en Asientos de Testimonios Registrados. Véase Informe especial solicitando auxilio del tribunal y notificando estado de obra notarial incautada, pág. 3.

adicional de suspensión de la abogacía por incumplir con las órdenes de este Tribunal.

Así las cosas, el 2 de febrero de 2017 el Director de la ODIN presentó ante esta Curia una *Moción notificando incumplimiento de orden y en solicitud de remedios*. En esta nos informó que los términos concedidos al licenciado Marín Serrano vencieron el 2 de diciembre de 2016 y el 31 de enero de 2017, respectivamente, sin que el notario cumpliera con lo ordenado. En la moción se hizo constar que "el licenciado Marín Serrano no se [había] comunicado con esta Oficina o ni con este para atender los asuntos esbozados en la Resolución y Orden emitida por esta Superioridad".[8]

Ante esta circunstancia, solicitó que se informara lo expresado y que, a la luz de la jurisprudencia, se ordenara la suspensión inmediata e indefinida del ejercicio de la notaría del letrado. También, que se refiriera el asunto a un proceso de desacato ante la Jueza Administradora del Tribunal de Primera Instancia, Sala Superior de San Juan. Al día de hoy, el notario no ha comparecido ante nosotros.

## II

Como parte de nuestro poder inherente de regular la profesión legal en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[4] A tono con ello, el Código de Ética Profesional establece las normas mínimas de conducta que deben desplegar los abogados y las abogadas que ejercen tan ilustre profesión.[5]

---

[8] Moción notificando incumplimiento de orden y en solicitud de remedios, págs. 1–2.

[4] *In re Montalvo Delgado*, 196 DPR 542 (2016); *In re Sepúlveda Torres*, 196 DPR 50 (2016); *In re Oyola Torres*, 195 DPR 437 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

[5] *In re Sepúlveda Torres*, supra; *In re Oyola Torres*, supra. Véanse, además: *In re Guemárez Santiago*, 191 DPR 611, 617–618 (2014); *In re Falcón López*, 189 DPR 689, 695 (2013).

■ Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, *supra*, el cual dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[6] Como funcionarios del sistema judicial, estos tienen que mantener una estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[7] Por lo tanto, todo letrado tiene la obligación de responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal, particularmente en aquellos asuntos relacionados con procedimientos disciplinarios sobre su conducta profesional.[8]

■ Sabido es que el incumplimiento con este deber, demuestra un claro menosprecio a la autoridad del Tribunal.[9] Asimismo, hemos reiterado que la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[10] De manera que desatender nuestros requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.[11]

■ Por otra parte, es harto sabido que todo notario y toda notaria tiene la obligación de cumplir cabalmente con la Ley Notarial de Puerto Rico y su Reglamento.[12] Tal es su importancia, que hemos enfatizado que desacatar los requerimientos cursados por ODIN equivale a ignorar las

---

[6] 4 LPRA Ap. IX, C. 9.

[7] *In re Rodríguez Quesada*, 195 DPR 967 (2016); *In re Stacholy Ramos*, 195 DPR 858 (2016); *In re Crespo Peña*, 195 DPR 318 (2016).

[8] *In re Vera Vélez*, supra, pág. 226.

[9] *In re Rodríguez Quesada*, supra. Véanse, además: *In re De León Rodríguez*, 190 DPR 378, 390–391 (2014); *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014).

[10] *In re Vera Vélez*, supra, págs. 226–227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

[11] *In re Figueroa Cortés*, 196 DPR 1 (2016).

[12] 4 LPRA sec. 2001 *et seq.* y 4 LPRA Ap. XXIV, respectivamente.

órdenes del Tribunal.(13) A tales efectos, éstos tienen el ineludible deber de desempeñarse con esmero, diligencia y estricto celo profesional.(14) Por lo que el incumplimiento con estas fuentes de obligaciones y deberes los expone a la acción disciplinaria correspondiente.(15)

## III

Luego de examinar el expediente de este caso, es forzoso concluir que el licenciado Marín Serrano incumplió con su obligación de remitir a ODIN los informes notariales adeudados, subsanar todas las deficiencias señaladas en su obra protocolar y de contestar sus requerimientos. Este tampoco ha comparecido a contestar los señalamientos hechos por este Tribunal, infringiendo así el Canon 9 del Código de Ética Profesional, *supra*.

A pesar de la oportunidad y el apercibimiento que le concedimos al licenciado Marín Serrano, este ha desatendido nuestra autoridad como foro regulador de la profesión legal.

## IV

Por los fundamentos que anteceden, concluimos que el licenciado Marín Serrano infringió el Canon 9 del Código de Ética Profesional, *supra*, al incumplir con su deber de responder diligentemente los requerimientos de esta Curia. En consecuencia, *decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.*

En vista de lo anterior, *le imponemos el deber de notificar inmediatamente a todos sus clientes de su inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inme-*

---

(13) *In re Rodríguez Zayas*, 194 DPR 337, 342 (2015).

(14) *In re Martínez Sotomayor I*, supra, págs. 3–4.

(15) Íd.

*diatamente de su suspensión a los foros judiciales y administrativos de Puerto Rico en el que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en el término de treinta días a partir de la notificación de esta Opinión per curiam y Sentencia. Notifíquese personalmente esta Opinión "per curiam" y Sentencia al señor Marín Serrano a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese al Secretario de Justicia para que tome la acción que estime pertinente.*

*Se dictará Sentencia de conformidad.*