EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Rolando A. Silva Iglecia | 2019 TSPR 12<br><br>201 DPR ____ |

Número del Caso:   AB-2018-31
                   AB-2018-70
                   AB-2018-228


Fecha: 14 de enero de 2019


 Oficina del Procuradora General:

        Lcdo. Joseph Feldstein del Valle
        Subprocurador General

        Lcda. Yaizamarie Lugo Fontánez
        Procuradora General Auxiliar



Materia:  Conducta Profesional – La suspensión será efectiva el 7 de febrero de 2019. Fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Rolando a. Silva Iglecia
     (TS-3463)                          AB-2018-0031      Queja
                                        AB-2018-0070
                                        AB-2018-0228

*PER CURIAM*

San Juan, Puerto Rico, a 14 de enero de 2019.

Nuestra autoridad para disciplinar a los miembros de la profesión legal hoy nuevamente nos obliga a ordenar la suspensión inmediata e indefinida de un abogado que, a pesar de las oportunidades y las gestiones realizadas por este Tribunal, no acató las órdenes de esta Curia.

I

El Lcdo. Rolando A. Silva Iglecia (licenciado Silva Iglecia) fue admitido al ejercicio de la abogacía el 14 de enero de 1970 y prestó juramento como notario el 1 de octubre de 1974.

**AB-2018-0070**

El 14 de marzo de 2018, el Sr. Néstor L. Santiago Márquez (señor Santiago Márquez) presentó una queja en contra del licenciado Silva Iglecia. El 4 de abril de 2018 y el 20 de abril de 2018, respectivamente, la Lcda. Sonnya Isabel Ramos Zeno, Subsecretaria de este Tribunal, remitió una comunicación al letrado concediéndole 10 días para contestar la queja. Sin embargo, el abogado no contestó.

**AB-2018-0031**

El 6 de marzo de 2018, el señor Santiago Márquez presentó otra queja en contra del letrado. El 20 de marzo de 2010 y el 17 de abril de 2018, respectivamente, la Subsecretaria de este Tribunal, envió una comunicación al licenciado Silva Iglecia otorgándole 10 días para contestar la queja, pero no contestó.

Así el trámite, **ambas quejas** se refirieron a la Oficina del Procurador General y éste, a su vez, le notificó las correspondientes misivas para conferirle un término final para que contestara las quejas, pero no compareció. Por ello, el Procurador General presentó los Informes correspondientes mediante los cuales concluyó que el licenciado Silva Iglecia violentó los Cánones 9 y 12 del Código de Ética Profesional.[1] Asimismo, el 13 de julio de 2018, y **para ambas quejas**, emitimos

---

[1] 4 LPRA Ap. IX.

y notificamos una Resolución concediéndole al abogado un término de 20 días para expresarse sobre los Informes del Procurador General. Posteriormente, y en aras de proveerle una última oportunidad al letrado, el 9 de agosto de 2018, emitimos una Resolución para otorgarle un término final e improrrogable de 10 días para que se expresara sobre los Informes del Procurador General. Sin embargo, el licenciado Silva Iglecia incumplió con la orden.

**AB-2018-0228**

El 6 de septiembre de 2018 la Sra. Marilyn Mangual Díaz presentó una queja en contra del licenciado Silva Iglecia. El 11 de septiembre de 2018 y 24 de septiembre de 2018, respetivamente, la Subsecretaria de esta Curia, remitió una comunicación al licenciado Silva Iglecia concediéndole 10 días para contestar la queja. Sin embargo, el licenciado Silva Iglecia no contestó.

Así el trámite, **y con relación a las 3 quejas**, el 26 de octubre de 2018, emitimos una Resolución mediante la cual este Tribunal le otorgó un término final e improrrogable de 20 días para que el letrado contestara las quejas y mostrara causa por la cual no debía ser suspendido. En la Resolución ordenamos que la notificación se realizara de manera personal, no obstante, el diligenciamiento resultó infructuoso.

Ahora bien, es necesario señalar a qué se debió el regreso del diligenciamiento negativo. El 2 de noviembre de 2018, y como parte del trámite, se le notificó la misma Resolución al

Lcdo. Armando Cardona Estelritz.[2] Éste le informó a nuestro Alguacil, el Sr. Timothy Rodríguez Rivera (alguacil Rodríguez Rivera), que el licenciado Silva Iglecia se encontraba en mal estado de salud y que la persona a su cargo era la Sra. Ana Sánchez (señora Sánchez), exesposa del letrado. Con el fin de poder localizar al licenciado Silva Iglecia, el licenciado Cardona Estelritz le proveyó al alguacil Rodríguez Rivera la información de la señora Sánchez. El alguacil Rodríguez Rivera intentó comunicarse con la señora Sánchez, no obstante, ésta se negó a brindar información e indicó que hablaría con un abogado que los estaba ayudando. Por otro lado, el 8 de noviembre de 2018, los Alguaciles, señores Miguel Hernández Martínez y Jonatan Cassagnol Cornier, realizaron las siguientes gestiones adicionales: (1) intentaron comunicarse por los números de teléfonos que surgen del Registro Único de Abogados y Abogadas (RUA), sin embargo, estaban desconectados; (2) visitaron la dirección de la oficina que surge del RUA y ésta se encontraba en total estado de abandono; (3) visitaron otra dirección provista y una persona, que no se identificó y mediante un intercomunicador, indicó que no conocía al abogado; (4) Finalmente, intentaron comunicarse con la señora Sánchez y ésta nuevamente se negó a brindar información.

Ante este cuadro, y una vez recibido el diligenciamiento negativo, notificamos la Resolución al correo electrónico del

---

[2] Resaltamos que el Lcdo. Armando Cardona Estelritz (licenciado Cardona Estelritz) trabajó con el Lcdo. Rolando A. Silva Iglecia (licenciado Silva Iglecia) en el bufete Consultores Legales Asociados, C.S.P. Ambos letrados eran objetos de 2 quejas en conjunto (AB-2018-0031 y AB-2018-0070).

Registro Único de Abogados y Abogadas (RUA) el 16 de noviembre de 2018. Pasado el término correspondiente para que el letrado compareciera ante esta Curia y, en consideración a la información brindada por el licenciado Cardona Estelritz, el 11 de diciembre de 2018, emitimos una Resolución dirigida a la señora Sánchez, familiares y/o encargados del licenciado Silva Iglecia para que comparecieran y, mediante una certificación médica, acreditaran el estado de salud del letrado.

En aras de notificar personalmente la Resolución, el alguacil Rodríguez Rivera se comunicó con la señora Sánchez. Así, y a pesar de las advertencias del alguacil Rodríguez Rivera con relación a la importancia de obedecer nuestra orden, ésta manifestó que no tenía nada que ver con el licenciado Silva Iglecia y, sin más, colgó la llamada. Posteriormente, el alguacil Rodríguez Rivera se comunicó con el licenciado Cardona Estelritz. Éste, por su parte, reiteró que la señora Sánchez es la encargada del licenciado Silva Iglecia e informó que al letrado no le permiten tener ninguna comunicación.

II

Regular la profesión legal en Puerto Rico es parte de nuestro poder inherente, por lo que nos corresponde asegurar que las y los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[3] A esos fines, el Código de Ética Profesional establece las normas mínimas de conducta que deben

---

[3] In re Marín Serrano, 197 DPR 535, 538 (2017).

seguir los abogados y las abogadas que ejercen esta profesión.[4]

En ese contexto, el Canon 9 del Código de Ética Profesional, *supra,* establece que los profesionales del Derecho deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". De ese modo, el abogado o la abogada que actúa de manera indiferente "al no atender nuestras órdenes y requerimientos acarrea imponerle severas sanciones disciplinarias, como la suspensión del ejercicio de la abogacía".[5] Por tanto, desatender nuestros requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional, *supra.*[6]

Ahora bien, si el Tribunal desconoce el paradero de un abogado y éste no comparece o desatiende las órdenes que emitimos, requiere que tomemos acción al amparo de este canon.[7]

### III

Tenemos ante nos una situación muy particular en la cual este Tribunal ha realizado gestiones afirmativas con el fin de ofrecer, por varios medios, la oportunidad al licenciado Silva Iglecia de comparecer ante este Foro. No obstante, "a pesar del tiempo transcurrido, hoy desconocemos

---

[4] Íd.

[5] Véase, In re Segarra Arroyo, 180 DPR 434, 437 (2010).

[6] In re Marín Serrano, supra; In re Figueroa Cortés, 196 DPR 1 (2016).

[7] In re Segarra Arroyo, supra, pág. 436.

el paradero del [licenciado Silva Iglecia]".[8] Asimismo, "no hemos recibido comunicación de su parte ni de su representante o de algún familiar relacionada con nuestros requerimientos. El letrado tampoco ha solicitado formalmente la baja de la profesión".[9]

Es importante aclarar que la sanción que nos vemos en la obligación de imponerle al licenciado Silva Iglecia en nada se relaciona con la actitud de la señora Sánchez de no cooperar con esta Curia. La conducta de desatención a las órdenes del Tribunal por parte del letrado de por sí constituye un quebranto grave con el Canon 9 del Código de Ética Profesional, *supra*. Ciertamente, entendemos que el licenciado Silva Iglecia no puede continuar practicando la profesión legal en nuestra jurisdicción.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Silva Iglecia del ejercicio de la abogacía y la notaría.

El señor Silva Iglecia deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolverles los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente

---

[8] Íd.

[9] Íd.

la suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del señor Silva Iglecia y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e Informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el señor Silva Iglecia durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente, y de no poder efectuarse el diligenciamiento, notificar inmediatamente a través del sistema de Notificación Electrónica de los Tribunales esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

In Re:

Rolando A. Silva Iglecia

    (TS-3463)

**AB-2018-0031**
**AB-2018-0070**
**AB-2018-0228**

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de enero de 2019.

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del Lcdo. Rolando A. Silva Iglecia del ejercicio de la abogacía y la notaría.

El señor Silva Iglecia deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolverles los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente la suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del señor Silva Iglecia y los entregue al Director de la Oficina de Inspección de Notarías para la

correspondiente investigación e Informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por el señor Silva Iglecia durante el periodo en que la fianza estuvo vigente.

**Notifíquese** personalmente, y de no poder efectuarse el diligenciamiento, notificar inmediatamente a través del sistema de Notificación Electrónica de los Tribunales esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez, la Juez Asociada señora Rodríguez Rodríguez, la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Rivera García, el Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez, no intervinieron.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo