EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Beatriz Negrón Ramos | 2020 TSPR 64<br><br>204 DPR _____ |

Número del Caso: AB-2017-0264
              (TS-15,374)


Fecha:  10 de marzo de 2020

Abogado de la promovida:

      Por derecho propio



Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús




Materia:  La suspensión será efectiva el 22 de julio de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Beatriz Negrón Ramos           AB-2017-0264
   (TS-15,374)

*PER CURIAM*

En San Juan, Puerto Rico, a 10 de marzo de 2020.

Ejercemos nuestra facultad disciplinaria contra un miembro de la profesión legal debido a su incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN), así como con las órdenes de este Tribunal. Ante la conducta demostrada, nos vemos obligados a decretar la suspensión inmediata e indefinida de la Lcda. Beatriz Negrón Ramos del ejercicio de la abogacía y la notaría.

I.

La Lcda. Beatriz Negrón Ramos (licenciada Negrón Ramos) fue admitida al ejercicio de la abogacía el 16 de febrero de 2005 y juramentó como notaria el 11 de julio del mismo año.

El 22 de julio de 2011 la licenciada Negrón Ramos autorizó la Escritura Número siete (7) (Escritura) mediante la cual el Sr. Luis F. Caraballo Carrasquillo (señor Caraballo Carrasquillo) adquirió un bien inmueble. El 5 de agosto de 2011 se presentó la Escritura en el Registro de la Propiedad para su calificación e inscripción.

El 25 de agosto de 2017 el señor Caraballo Carrasquillo presentó una queja juramentada contra la licenciada Negrón Ramos. Adujo que, al momento de autorizar la Escritura, la licenciada Negrón Ramos le informó que este podía acudir al Registro de la Propiedad con el documento y los sellos para inscribir el bien inmueble. No obstante, cuando el señor Caraballo Carrasquillo acudió al Registro de la Propiedad en julio de 2017, se le notificó que no aparecía como titular registral del inmueble, ya que la Escritura nunca se inscribió. Lo anterior, debido a que la licenciada Negrón Ramos no incluyó el costo de la propiedad en la Escritura. En su queja, el señor Caraballo Carrasquillo también planteó que el Registro de la Propiedad intentó comunicarse con la licenciada Negrón Ramos en múltiples ocasiones entre julio 2011 y julio 2015 para notificar la falta, pero esta nunca respondió. El señor Caraballo Carrasquillo narró además que intentó en varias ocasiones comunicarse con la letrada para informarle lo sucedido, pero esta no le contestó, por lo que se vio obligado a presentar una queja en su contra.

El 13 de septiembre de 2017 la letrada contestó la queja. Señaló que la Escritura fue inspeccionada y que subsanó la

omisión del costo de la propiedad en el 2012. Posteriormente, la ODIN presentó un *Informe* sobre la queja donde expuso que el acta de subsanación que utilizó la licenciada para corregir la omisión de la cuantía no está disponible como mecanismo de corrección en este caso. Enfatizó que, para corregir ese error, la licenciada Negrón Ramos debió autorizar una escritura en la que comparecieran todas las partes y ratificaran el negocio jurídico.

El 26 de junio de 2018 este Tribunal concedió a la licenciada Negrón Ramos un término de veinte (20) días para expresarse sobre el *Informe* que presentó la ODIN. La licenciada Negrón Ramos compareció y alegó, entre otras cosas, que ya había corregido la deficiencia. Además, enfatizó que –por instrucción de un Inspector de la ODIN– otorgó un acta de subsanación a esos efectos.

Evaluado el *Informe* de la ODIN, este Tribunal –mediante una Resolución del 14 de diciembre de 2018– apercibió a la licenciada Negrón Ramos de sus responsabilidades como notaria y sobre la importancia de mantener informado a su cliente sobre el trámite relacionado a la inscripción de la Escritura. Además, le ordenamos que realizara –de forma inmediata y a su costo– los actos necesarios para corregir la falta que el Registrador de la Propiedad notificó y que mantuviera informado a la ODIN y a este Tribunal sobre las gestiones que realizara para inscribir la Escritura.

Para la fecha del 29 de marzo de 2019, la licenciada Negrón Ramos no había cumplido con esa orden. Por lo tanto,

le concedimos un término perentorio de diez (10) días para que cumpliera con nuestra Resolución del 14 de diciembre de 2018. Así las cosas, la licenciada Negrón Ramos compareció ante este Tribunal e informó que el 12 de octubre de 2018 presentó al Registro de la Propiedad el acta de subsanación y la Escritura a favor del señor Caraballo Carrasquillo.

Por su parte, el 11 de junio de 2019 compareció la ODIN y reiteró que el error que cometió la licenciada Negrón Ramos no es suceptible de corregirse mediante un acta de subsanación. Por consiguiente, le instruyó nuevamente a la letrada que para corregir el error debía autorizar una escritura de rectificación y ratificación en la cual comparezcan todas las partes otorgantes.

Examinadas la comparecencia de la licenciada Negrón Ramos y de la ODIN, el 18 de junio de 2019 este Tribunal emitió una Resolución mediante la cual concedió a la licenciada Negrón Ramos un término final e improrrogable de sesenta (60) días para presentar la escritura de rectificación y ratificación correspondiente, según le instruyó la ODIN. Además, se le advirtió que el incumplimiento con esta Resolución podría conllevar sanciones severas, incluyendo la suspensión de la profesión. Al día de hoy, la licenciada Negrón Ramos no ha comparecido.

## II.

Este Tribunal tiene el poder inherente tanto para reglamentar la admisión a la profesión jurídica como para

disciplinar a sus miembros que violen los Cánones del Código de Ética Profesional. In re Fontánez Fontánez, 181 DPR 407 (2011). Dicho Código recoge las normas mínimas de conducta que rigen a los miembros de la profesión legal en nuestra jurisdicción. In re Marín Serrano, 197 DPR 535 (2017).

En lo pertinente a este caso, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, establece que los abogados deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". En ese sentido, "es la obligación de todo letrado responder diligente y oportunamente a los requerimientos y a las órdenes de este Tribunal, **particularmente aquellos relacionados con los procedimientos disciplinarios sobre su conducta profesional**". In re Irizarry Irizarry, 190 DPR 368, 374 (2014) (Énfasis suplido) (citas omitidas). La desatención o incumplimiento con las órdenes de este Tribunal es una falta de respeto hacia su autoridad, la cual constituye una clara violación al Canon 9, supra. In re Dávila Toro, 193 DPR 159, 163 (2015). En esa línea, "el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones disciplinarias **constituyen causa suficiente para la suspensión inmediata de los abogados**". In re Irizarry Irizarry, supra, pág. 375 (Énfasis suplido) (citas omitidas). Como hemos reiterado en un sinnúmero de ocasiones, el deber de cumplir con nuestras órdenes es independiente a los méritos de la queja presentada. Íd. Por tal razón, cuando un abogado

o abogada ignora ese requerimiento, procede su suspensión inmediata de la abogacía. In re Molinary Machado, 2019 TSPR 142, pág. 4.

III.

Evaluado el trámite ante nuestra consideración, es forzoso concluir que la licenciada Negrón Ramos incumplió con la Resolución de este Tribunal del 18 de junio de 2019, donde se le concedió un término final e improrrogable de sesenta (60) días para subsanar las deficiencias de la Escritura que impidieron su inscripción. A pesar de que se le brindaron varias oportunidades y se le apercibió oportunamente de las consecuencias que acarrearía su incumplimiento, la licenciada Negrón Ramos incumplió con lo ordenado. Tampoco compareció en contestación a la Resolución que emitimos el 18 de junio de 2019 para justificar ese incumplimiento. Esta actitud de indiferencia ante nuestras órdenes, emitidas en el contexto de un procedimiento disciplinario, constituye en sí misma una violación patente al Canon 9, supra.

IV.

Por los fundamentos antes expuestos, decretamos la suspensión inmediata e indefinida de la Lcda. Beatriz Negrón Ramos del ejercicio de la abogacía y la notaría. De conformidad con lo anterior, se notifica a la licenciada Negrón Ramos que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres

(3) años después de su terminación en cuanto a los actos realizados durante el periodo en que estuvo vigente. Se ordena a la Oficina del Alguacil de este Tribunal incautar la obra protocolar y el sello notarial de la licenciada Negrón Ramos y entregarlos al Director de la ODIN para su examen e informe correspondiente.

Además, se le impone a la licenciada Negrón Ramos el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la licenciada Negrón Ramos a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Beatriz Negrón Ramos
    (TS-15,374)                    AB-2017-0264

SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Beatriz Negrón Ramos del ejercicio de la abogacía y la notaría. De conformidad con lo anterior, se notifica a la licenciada Negrón Ramos que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que estuvo vigente. Se ordena a la Oficina del Alguacil de este Tribunal incautar la obra protocolar y el sello notarial de la licenciada Negrón Ramos y entregarlos al Director de la ODIN para su examen e informe correspondiente.

Además, se le impone a la licenciada Negrón Ramos el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta

Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

    Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo