EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Marie Liz Vargas Martínez<br>(TS-20,558) | 2021 TSPR 156<br><br>208 DPR |

Número del Caso: AB-2021-83


Fecha: 17 de diciembre de 2021




Materia: Conducta Profesional- Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por craso incumplimiento al Canon 9 de Ética Profesional.  La suspensión es efectiva el 20 de diciembre 2021, fecha en que se le notificó a la abogada de su suspensión inmediata.




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marie Liz Vargas Martínez      AB-2021-83      Queja
       (TS, 20,558)

PER CURIAM

En San Juan, Puerto Rico, a 17 de diciembre de 2021.

Nos corresponde ejercer nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de la Lcda. Marie Liz Vargas Martínez por no acatar las órdenes de este Tribunal.

I

La licenciada Vargas Martínez fue admitida al ejercicio de la abogacía el 17 de febrero de 2016 y prestó juramento como notaria el 20 de julio de 2016.

El 25 de mayo de 2021 el Sr. Edwin Hernández De León presentó una queja contra la licenciada Vargas Martínez. Según expuso, la Lcda. Winette Cortés Sinigaglia le notificó al quejoso que por razones personales no podía continuar representándolo en la

demanda sobre difamación y daños y perjuicios que presentó y que, por tal motivo, le entregó el expediente a la licenciada Vargas Martínez para la continuación de la causa de acción. El señor Hernández De León alegó que –desde el inicio– la comunicación que sostuvo con la letrada se limitó al Whatsapp, a correos electrónicos y a una que otra llamada telefónica. Enfatizó que, a pesar de sus intentos, la abogada no era responsiva. Nos informó que dado el hecho de que el quejoso recibía las notificaciones del tribunal supo que el foro de instancia desestimó la demanda por falta de representación legal y diligencia. A raíz de lo anterior, logró comunicarse con la licenciada Vargas Martínez quien, según alegó, le indicó que no estaba recibiendo las notificaciones del tribunal y que, en ese momento, sufría de COVID-19. Por último, el señor Hernández De León aseguró que la inacción de la licenciada Vargas Martínez provocó que perdiera el derecho de continuar con la causa de acción.

El 21 de junio de 2021, la Lcda. Bettina Zeno González, Subsecretaria de este Tribunal, remitió una comunicación a la licenciada Vargas Martínez concediéndole diez días para contestar la queja. Ante la incomparecencia de la letrada, el 28 de julio de 2021, nuevamente la Subsecretaria le concedió un término final de diez días para contestar la queja. Sin embargo, la abogada no contestó. Así el trámite, la Subsecretaria remitió el asunto al Pleno del Tribunal y, mediante Resolución de 7 de septiembre de 2021, le concedimos diez días a la licenciada Vargas Martínez para que mostrara

causa por la cual no debía ser suspendida del ejercicio de la abogacía por incumplimiento con nuestras órdenes. Al no comparecer, le concedimos un término final de diez días por el fundamento anterior, mediante Resolución notificada el 6 de octubre de 2021.

## II

El Tribunal posee la facultad inherente de regular la profesión legal en Puerto Rico. En consecuencia, tenemos que asegurarnos que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[1] Por ello, el Código de Ética Profesional, 4 LPRA Ap. IX, postula los principios mínimos de conducta que deben emular los profesionales del derecho.[2]

Ahora bien, el Canon 9 del Código de Ética Profesional, *supra,* exige que todo letrado debe "observar para con los tribunales una conducta que se caracterice por el mayor respeto". El respeto aludido se despliega y se alcanza en la medida en que un abogado atiende y obedece las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[3] Sin embargo, cuando los

---

[1] In re Cardona Estelritz, 201 DPR 607, 612 (2018)(citando In re Marín Serrano, 197 DPR 535 (2017); In re Montalvo Delgado, 196 DPR 541 (2016); In re Sepúlveda Torres, 196 DPR 50 (2016); In re Oyola Torres, 195 DPR 437,440 (2016); In re Vera Vélez, 192 DPR 216, 226 (2015)).

[2] In re Cardona Estelritz, supra (citando In re Marín Serrano, supra; In re Sepúlveda Torres, supra. Véanse, además: In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Falcón López, 189 DPR 689, 695 (2013)).

[3] In re Cardona Estelritz, supra, pág. 613 (citando In re Marín Serrano, supra; In re Rodríguez Quesada, 195 DPR 967 (2016); In re Stacholy Ramos, 195 DPR 858 (2016)).

requerimientos y las órdenes se relacionan a procedimientos disciplinarios, los miembros de la profesión legal deben prestar atención especial.[4] El incumplimiento con esta obligación es un claro menosprecio a la autoridad de este Tribunal.[5] Además, la actitud de indiferencia a nuestras advertencias sobre las sanciones disciplinarias e incumplirlas es causa suficiente para una suspensión inmediata e indefinida de la práctica de la profesión legal.[6] En otras palabras, como tal conducta no es compatible con la práctica de la profesión, constituye una violación al Canon 9 del Código de Ética Profesional, *supra*.[7]

### III

A la licenciada Vargas Martínez se le apercibió de la obligación de comparecer y de las consecuencias que acarrea el incumplimiento con nuestras órdenes. La letrada menospreció las oportunidades ofrecidas al incumplir con nuestros requerimientos para contestar los señalamientos imputados en su contra. Con su proceder, la licenciada Vargas Martínez demostró que tuvo en poco nuestra autoridad de regular a los miembros de la profesión legal. Ciertamente, la conducta de desdén de la licenciada Vargas

---

[4] Íd. (citando In re Marín Serrano, supra; In re Vera Vélez, supra, pág. 226)).

[5] Íd. (citando In re Marín Serrano, supra; In re Rodríguez Quesada, supra. Véase, además: In re De León Rodríguez, 190 DPR 378, 390-391 (2014); In re Irizarry Irizarry, 190 DPR 368, 374 (2014)).

[6] Íd. (citando In re Marín Serrano, supra; In re Vera Vélez, supra, págs. 226-227; In re Toro Soto, 181 DPR 654, 660 (2011); In re Martínez Sotomayor I, 181 DPR 1, 3 (2011)).

[7] Íd. (citando In re Marín Serrano, supra; In re Figueroa Cortés, 196 DPR 1 (2016)).

Martínez constituye por sí sola un craso incumplimiento al Canon 9 del Código de Ética Profesional, *supra*, y revela que no posee el interés de practicar la profesión jurídica en esta jurisdicción.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida de la licenciada Vargas Martínez del ejercicio de la abogacía y la notaría.

La señora Vargas Martínez deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolverles los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente la suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la señora Vargas Martínez y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y

válida por 3 años después de su terminación en cuanto a los actos realizados por la señora Vargas Martínez durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marie Liz Vargas Martínez         AB-2021-83         Queja
      (TS, 20,558)

SENTENCIA

En San Juan, Puerto Rico, a 17 de diciembre de 2021.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Marie Liz Vargas Martínez del ejercicio de la abogacía y la notaría.

La señora Vargas Martínez deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolverles los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente la suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial de la  señora Vargas Martínez y los entregue al Director

de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por 3 años después de su terminación en cuanto a los actos realizados por la señora Vargas Martínez durante el periodo en que la fianza estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                        Javier O. Sepúlveda Rodríguez
                        Secretario del Tribunal Supremo