EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Elaine Santos Negrón | 2023 TSPR 11 <br><br> 211 DPR ___ |

Número del Caso:  TS-9614


Fecha:  8 de febrero de 2023


Abogada de la Lcda. Elaine Santos Negrón:

        Lcda. Daisy Calcaño López


Oficina de Inspección de Notarías:

        Lcdo. Manuel E. Ávila De Jesús
        Director


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la notaría por múltiples infracciones a la Ley Notarial de Puerto Rico y por quebrantar el principio de la fe pública notarial.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Elaine Santos Negrón                    TS-9,614

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de febrero de 2023.

En esta ocasión nos vemos en la obligación de suspender inmediata e indefinidamente a la Lcda. Elaine Santos Negrón del ejercicio de la notaría por múltiples infracciones a la Ley Notarial de Puerto Rico, Ley 75 de 2 de julio de 1987, según enmendada (4 LPRA sec. 2002 et seq.), y por quebrantar el principio de la fe pública notarial.

I

La Lcda. Elaine Santos Negrón fue admitida al ejercicio de la abogacía el 8 de agosto de 1990 y al ejercicio de la notaría el 10 de junio de 1991. El 9 de mayo de 2019, la Oficina de Inspección de Notarías (ODIN) le remitió una citación formal para comenzar un

proceso ordinario de inspección protocolar de su obra notarial, específicamente de los volúmenes catorce (14) al veintiocho (28) del Libro de Registro de Testimonios. Ante esta solicitud, la licenciada Santos Negrón entregó parcialmente su obra protocolar para el proceso de inspección. Durante ese periodo, la ODIN programó varias fechas con la notaria para reinspeccionar y subsanar la obra examinada, así como para iniciar el examen de la que estaba pendiente. No obstante, debido a varios atrasos e incumplimientos por parte de la licenciada Santos Negrón, este proceso de inspección comenzó en el mes de junio de 2022 y se extendió hasta el mes de octubre de 2022.

Tras finalizar el proceso de inspección, el 27 de octubre de 2022 la ODIN rindió un *Informe de Deficiencias de la Obra Notarial de la Lcda. Elaine Santos Negrón, RUA 9614*, *a tenor con la Regla 77(m) del Reglamento Notarial*, 4 LPRA Ap. XXIV. De este surge que el 6 de octubre de 2022, en una primera reunión con la Inspectora de Protocolos, se evaluaron los Volúmenes 14-22 del Libro de Registro de Testimonios. Sin embargo, se pudo aprobar únicamente el Volumen 14 del libro de registro en cuestión, ya que la licenciada Santos Negrón manifestó que no había podido trabajar con la subsanación de los volúmenes restantes. En esa ocasión la licenciada Santos Negrón entregó los Volúmenes 26 y 27 del Libro de Testimonios, restando el Volumen 28.

Más adelante, en una segunda visita de reinspección final celebrada el 21 de octubre de 2022, la Inspectora de

Protocolos se percató de que los Volúmenes 26 y 27 del Libro de Registro de Testimonios no contaban con la firma de la licenciada Santos Negrón en los asientos registrados.[1] Además, notó que, contrario a lo informado en la cita previa, estos volúmenes solo contenían los pormenores de los testimonios legitimados hasta el Número 45,628 de 28 de marzo de 2022, no hasta el mes de octubre de 2022, como la licenciada Santos Negrón comunicó anteriormente. Ante esto, la Inspectora realizó una verificación en la plataforma SIGNO Notarial, y descubrió que el último testimonio registrado por la licenciada Santos Negrón era el Número 50,405 del 12 de octubre de 2022, por lo que existían cerca de 5,000 asientos sin registrar y sin cancelar arancel a favor de la Sociedad de Asistencia Legal (SAL). Así, se confirmó que la licenciada Santos Negrón adeudaba aproximadamente entre dos a tres volúmenes de su Libro de Registro de Testimonios y había omitido cancelar un estimado de $24,775.00 en aranceles.

Por otro lado, la Inspectora de Protocolos afirmó de manera inequívoca que en ambas fechas en las que se reunió con la licenciada Santos Negrón —el 6 de octubre de 2022 y el 21 de octubre de 2022—, y en su presencia, la licenciada suscribió documentos sin que los comparecientes estuvieran firmando ante sí.

---

[1] La ODIN nos informa que las dos visitas realizadas por la Inspectora de Protocolos resultaron infructuosas por inacción de la notaria. Por lo tanto, no se pudo completar el proceso de reinspección de la obra protocolar examinada, ni iniciar el examen de aquella pendiente (Volúmenes Vigésimo Quinto del Libro de Registro de Testimonios y siguientes).

Así las cosas, el 28 de octubre de 2022 el Director de ODIN le envió a la licenciada Santos Negrón una *Notificación – Informe Final de Inspección RUA 9614 (Regla 77m)* donde le otorgó a la letrada un término de quince (15) días para reaccionar al informe. Se le apercibió que su incumplimiento con el requerimiento conllevaría elevar el asunto ante este foro. El término culminó el 14 de noviembre de 2022 y no se recibió comunicación alguna por parte de la licenciada Santos Negrón reaccionando al informe o solicitando prórroga para expresarse.

Por lo tanto, conforme a los hechos suscitados, la ODIN nos remitió una *Moción urgente en solicitud de la incautación de obra notarial y en solicitud de remedios* en la cual expuso los múltiples hallazgos en la obra protocolar de la licenciada Santos Negrón. Entre estos se encontraban: (a) la falta de comparecencia de una o más partes otorgantes en una decena de negocios jurídicos en violación al Artículo 15(e) de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 LPRA sec. 2033(e); (b) la legitimación de firmas en documentos privados de transacciones que se encuentran vedadas por el Artículo 56 de la Ley Notarial de Puerto Rico, *Íb.,* sec. 2091; (c) la ausencia de constancia sobre advertencias necesarias en instrumentos públicos en violación al Artículo 15(f) de la Ley Notarial de Puerto Rico, *Íb.,* sec. 2033(f); (d) la carencia de concordancia entre el número de una cabida en palabras y guarismos, incumpliendo así con el Artículo 27 de la Ley Notarial de Puerto Rico, *Íb.,*

sec. 2045; (e) la falta de constancia sobre facultades representativas de comparecientes en violación del Artículo 19 de la Ley Notarial de Puerto Rico, *Íb.,* sec. 2037; Regla 28 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV; (f) incluir el número de seguro social de una persona natural o el número de identificación Patronal de una figura jurídica violando el Artículo 15(d) de la Ley Notarial de Puerto Rico, *Íb.,* sec. 2033(d); (g) escrituras donde no surgen antecedentes suficientes sobre el tracto o título o información de cargas o gravámenes en contravención al Artículo 15(j) de la Ley Notarial de Puerto Rico, *Íb.,* sec. 2033, y (h) una abundante cantidad de aranceles sin cancelar incumpliendo con el Artículo 38 de la Ley Notarial de Puerto Rico, *Íb.,* sec. 2056, entre muchas otras.

A su vez, la ODIN le informó a este Tribunal que, a su juicio, debido a la cantidad sustancial de deficiencias encontradas en la obra protocolar de la licenciada Santos Negrón, esta no se encontraba apta para ejercer la función notarial. Por tanto, la ODIN solicitó: (1) que se ordenara la incautación inmediata y preventiva de la obra protocolar y el sello notarial bajo la custodia de la licenciada Santos Negrón; (2) que este Tribunal evaluara suspender a la licenciada Santos Negrón del ejercicio de la notaría con carácter inmediato e indefinido, y (3) que se le impusiera cualquier otra medida disciplinaria, de ello proceder.

Tras un examen de las mociones recibidas y del expediente, el 21 de noviembre de 2022, emitimos una

*Resolución* en la que ordenamos la incautación inmediata y preventiva de la obra protocolar de la licenciada Santos Negrón y del sello notarial bajo su custodia. Además, le ordenamos que en un término de diez (10) días mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría.

Ante esto, el 28 de noviembre de 2022 la licenciada Santos Negrón presentó una *Oposición a la incautación de la obra notarial* mediante la cual refutó algunos de los pronunciamientos hechos por la ODIN. Arguyó que no desplegó dejadez ante los señalamientos realizados por la ODIN y que en sus 31 años de práctica nunca había fallado en su responsabilidad fiduciaria notarial. De esta manera reconoció que su incumplimiento se debió a problemas personales y de salud. No obstante, nos aseguró que, una vez se recuperara de salud, trabajaría para ponerse al día y cumplir con su responsabilidad. Por esta razón, nos solicitó que le concediéramos un término de cuarenta y cinco (45) días para terminar de subsanar su obra notarial. Además, solicitó que se paralizara la incautación preventiva de la obra protocolar. Ahora bien, a la fecha en que licenciada Santos Negrón compareció ante nosotros, ya se había ordenado la incautación preventiva de su obra protocolar, por lo que el 29 de noviembre de 2022 la obra fue incautada.

Así las cosas, el 8 de diciembre de 2022 este Tribunal recibió una *Urgente moción en torno a orden de mostrar causa y en solicitud de término para subsanar los señalamientos*

*sustantivos y arancelarios* donde la licenciada Santos Negrón nos informó que solicitó asistencia y representación de la Lcda. Daisy Calcaño López en los procesos de subsanación de su obra notarial. De igual forma reconoció que se atrasó en la subsanación de las deficiencias señaladas. Detalló que ha tenido problemas y complicaciones de salud que se exacerbaron y, por lo tanto, se vio en la obligación de someterse a una cirugía. Ello afectó el periodo de tiempo que podía dedicarle a la subsanación de los señalamientos de la ODIN. Por tal razón, solicitó que se le concediera un término de noventa (90) días para trabajar en la subsanación de la obra notarial. Además, pidió que no se le suspendiera de la notaría para poder trabajar directamente en la subsanación.

No obstante, cuatro días luego, la ODIN compareció nuevamente para replicar este último escrito de la licenciada Santos Negrón. Nos expuso que esta les había informado sobre la intervención quirúrgica que tenía programada, y que fue por esta precisa razón que se le brindó deferencia y términos extendidos durante el proceso de subsanación de su obra protocolar. Además, expresó que no es correcto que la licenciada Santos Negrón atribuya su retraso en subsanar la obra a tal intervención quirúrgica, ya que en reiteradas ocasiones le expresó a la Inspectora que no había podido cumplir con los requerimientos hechos por tener mucho trabajo. **Finalmente, recalcó que su recomendación de suspender a la letrada del ejercicio notarial no se debe únicamente a la desatención a los requerimientos de la ODIN,**

**sino a la gravedad de las faltas a la Ley Notarial y su Reglamento.**

Ulteriormente, el 21 de diciembre de 2022 recibimos otra comparecencia de la licenciada Santos Negrón. En esta, la letrada nos incluyó evidencia médica de la intervención quirúrgica a la que se sometió y reiteró los argumentos que realizó en su primera oposición. Asimismo, nos informó que el pasado 13 de diciembre de 2022 le cursó una comunicación a la ODIN para coordinar fechas disponibles para poder realizar la subsanación de las deficiencias en la obra protocolar que fue incautada. Por último, nos solicitó nuevamente que no se le suspendiera de la notaría.

Con este trasfondo en mente, corresponde evaluar la conducta de la letrada a la luz de los preceptos que gobiernan la función notarial.

II

Este Tribunal ha enfatizado de manera consistente que la práctica de la notaría exige un alto nivel de cuidado, diligencia y esmero. In re López Cordero, 164 DPR 710, 715 (2005); In re Vera Vélez, 148 DPR 1 (1999). Por lo tanto, el desempeño de esta profesión requiere un estricto cumplimiento con la Ley Notarial y su Reglamento.

Como custodio de la fe pública notarial, el notario tiene que ser cuidadoso y debe desempeñar su ministerio con esmero, diligencia y estricto celo profesional. In re Vázquez Pardo, 185 DPR 1031, 1040 (2012); Ley Notarial de Puerto Rico, Ley

Núm. 75 de 2 de julio de 1987, según enmendada (4 LPRA sec. 2001 *et seq*). La investidura que conlleva la fe pública notarial va acompañada de una presunción controvertible a los actos que ve y oye el notario de que lo allí consignado es legal y verdadero. Es precisamente esta presunción de legalidad, veracidad y legitimidad lo que le brinda certeza, garantía y eficacia al documento notarial. In re Vázquez Pardo, *supra*, pág. 1041.

Asimismo, hemos establecido que "[t]odo notario está obligado a acatar rigurosamente las disposiciones de la Ley Notarial y su Reglamento. [Por lo que,] [a]partarse de alguna de sus disposiciones expone al notario a sanciones". In re Santiago Ortiz, 191 DPR 950, 959 (2014) (citando a In re López Cordero, *supra*).

En In re Santiago Ortiz, 191 DPR 950, 960 (2014), recalcamos además nuestra advertencia con respecto a las exigencias que le impone la Ley Notarial y su Reglamento a los notarios. Expresamos que "**de no poder cumplir con estas obligaciones, los notarios 'debe[n], en el ejercicio de honestidad profesional, abstenerse de practicar el notariado'**" *Íb*. (citando a In re Miranda Casasnovas, 175 DPR 774 (2009)). Véanse: In re Feliciano Lassalle, 175 DPR 110 (2008); In re Carrasquillo Martínez, 173 DPR 798 (2008); In re Montañez Alvarado, 60 DPR 496 (2003).

## III

Es sabido que "como parte de nuestra facultad inherente de regular la profesión jurídica en Puerto Rico nos

corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente". In re Vélez Rivera, 199 DPR 587, 591 (2018); In re Marín Serrano, 197 DPR 535, 538 (2017). Esta responsabilidad que recae en nuestros hombros nos obliga a examinar minuciosamente el desempeño de los profesionales del derecho y la notaría, sus defensas a las deficiencias encontradas y su diligencia con respecto al ejercicio de sus funciones y los señalamientos de este Tribunal.

Luego de evaluar el expediente de la licenciada Santos Negrón, **pudimos constatar que el patrón de negligencia crasa y descuido con respecto a la Ley Notarial y su Reglamento no es reciente, sino que se despliega a través de su obra protocolar por bastantes años.**[2] En In re Santiago Ortiz, suspendimos a la Lcda. Danitza Santiago Ortiz inmediata e indefinidamente del ejercicio de la notaría ya que "no está[bamos] frente a situaciones aisladas de incumplimiento durante un corto periodo de tiempo, [lo que demostró] que la licenciada Santiago e[ra] incapaz de acatar los rigores de la Ley Notarial y su reglamento, según le corresponde". In re Santiago Ortiz, *supra*, pág. 960.

A pesar de que la licenciada Santos Negrón nos informó de su situación de salud, la cual lamentamos, no podemos

---

[2] El Inventario de Instrumentos Públicos que se realizó cuando se incautó la obra protocolar de la licenciada Santos Negrón preventivamente, refleja que las deficiencias son abundantes y comienzan desde el año 2015 hasta el 2022.

ignorar el patrón de dejadez excesiva que reflejan su obra y sus acciones como notaria.

Ante los señalamientos de la ODIN, se le ofrecieron varias oportunidades de corregir la obra protocolar, sin embargo, la licenciada Negrón Santos no subsanó las deficiencias encontradas. Más aún, la Inspectora de Protocolos afirmó que lo único que la licenciada Santos Negrón subsanó en los Volúmenes 14 al 21 fue la cancelación de los aranceles a favor de la SAL; no obstante, tal acción fue motivada por el hecho de que la licenciada Santos Negrón había cancelado aranceles con igual número de serie y cuantía en estos.

Añadimos que las violaciones a la fe pública notarial y la existencia de cerca de 5,000 asientos sin registrar que la Inspectora de Protocolos nos reportó son inexcusables. El comportamiento de la licenciada Santos Negrón refleja un grave menosprecio a la función notarial que le fue delegada. "No podemos perder de perspectiva que su inobservancia impacta la confiabilidad en el sistema de registros de la ODIN. Igualmente, esta omisión crea el riesgo de repercusiones muy serias en los derechos de los individuos quienes, a su vez, quedan a merced de la incertidumbre." *Íb.*, pág. 961.

Ante este cuadro, y dada la clara inhabilidad de la licenciada Santos Negrón de ejercer la profesión notarial, no nos queda más que recurrir a la sanción más severa. **Procede,**

**pues, decretar su suspensión inmediata e indefinida del ejercicio de la notaría.**

IV

Por los fundamentos expuestos, se decreta la suspensión inmediata e indefinida de la Lcda. Elaine Santos Negrón de la práctica de la notaría.

La licenciada Santos Negrón deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar y acreditar y certificar ante este Tribunal el cumplimiento con ello dentro del término de noventa (90) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la notaría de solicitarlo en el futuro.

La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la licenciada Santos Negrón durante el periodo en que la fianza estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico a la Lcda. Elaine Santos Negrón.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Elaine Santos Negrón                    TS-9,614

SENTENCIA

En San Juan, Puerto Rico, a 8 de febrero de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos inmediata e indefinidamente a la Lcda. Elaine Santos Negrón de la práctica de la notaría.

La licenciada Santos Negrón deberá subsanar todas las deficiencias que impiden la aprobación de su obra protocolar y acreditar y certificar ante este Tribunal el cumplimiento con ello dentro del término de noventa (90) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la notaría de solicitarlo en el futuro.

La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por la licenciada Santos Negrón durante el periodo en que la fianza estuvo vigente.

Le ordenamos notificar a todas las personas que han procurado de sus servicios notariales de su inhabilidad para atender los trabajos que tenía pendiente y devolverles tanto los expedientes como los honorarios notariales recibidos por trabajos no rendidos.

Notifíquese esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico a la Lcda. Elaine Santos Negrón.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez no intervino.


                                        Javier O. Sepúlveda Rodríguez
                                        Secretario del Tribunal Supremo